# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

DEWAYNE E. LITTLE, SR.,

       Appellant,
v.                                                  Case No. 08-CV-334

MARY B. GROSSMAN, Chapter 13 Trustee,

       Appellee.

───────────────────────────────────────────────

## ORDER

Appellant Dewayne Little, Sr. ("Little") appeals a final order by United States Bankruptcy Judge Pamela Pepper entered on April 4, 2008. The order dismissed Little's Chapter 13 bankruptcy and imposed a 180-day injunction on filing another bankruptcy. Little filed a notice of appeal from this order on April 9, 2008. Little subsequently filed motions for an extension of time to pay the appeal fee and for stay pending appeal. The bankruptcy court conducted a hearing on Little's motion for stay pending appeal, but ultimately denied both motions. On May 6, 2008, Little filed an additional motion to stay, as well as a motion for an extension of time for the filing of his appellant's brief. To date, Little has not filed a designation, a statement of issues, or a brief for his appeal, nor has he paid the appeal fee. Therefore, the court will dismiss Little's appeal and deny his motions for stay and an extension of time.

## ANALYSIS

The court has jurisdiction to hear this appeal because Little appeals from a final order of a bankruptcy court within the meaning of 28 U.S.C. § 158(a)(1). The court reviews the bankruptcy court's factual findings for clear error and its legal conclusions

*de novo*. *In re Outboard Marine Corp.*, 386 F.3d 824, 827 (7th Cir. 2004). The court also reviews *de novo* mixed questions of law and fact. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

The Chapter 13 Trustee ("the trustee") urges this court to dismiss Little's appeal based on his failure to file a designation of items, his failure to file a statement of issues, his failure to file a brief, and his failure to pay the appeal fee. The trustee points to Bankruptcy Rules 8006, 8009(a)(1) and 8001(a) to support her argument. The court agrees that a discretionary dismissal of the appeal is appropriate in this case because of Little's failure to meet the procedural filing requirements.

The United States Bankruptcy Rules place specific procedural requirements on individuals appealing the decision of the bankruptcy court. Under Bankruptcy Rule 8006, an appellant must file a designation of the items to be included in the record and a statement of issues to be presented. USCS Bankruptcy R 8006. Under Bankruptcy Rule 8009, an appellant must also file a brief within 15 days after entry of the appeal on the docket. USCS Bankruptcy R 8009(a)(1).

If an appellant fails to meet these procedural requirements, the court may dismiss the appeal under Bankruptcy Rule 8001(a). The rule reads in relevant part:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

USCS Bankruptcy R 8001(a). A district court has the discretion to choose dismissal of an appeal when an appellant commits a nonjurisdictional procedural error, such as the

Case 2:08-cv-00334-JPS   Filed 09/17/08   Page 2 of 4   Document 7

failure to file a timely brief or statement of issues. *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995). This dismissal may be based on a pattern of dilatoriness or failure to comply with deadlines. *Telesphere Communications, Inc. v. 900 Unlimited, Inc.,* 177 F.3d 612, 616 (7th Cir. 1999).

In violation of the bankruptcy rule requirements, Little failed to file a designation, a statement of issues, or an appellant's brief. Apart from his initial notice of appeal, Little's only filings are his May 6, 2008 motions to stay and for an extension of time. He has made no further attempt to advance his appeal in the past four months. Indeed, Little has neither attempted to pay his appeal fee, nor requested an extension of time for paying this fee.

Little's numerous failed procedural requirements and missed deadlines provide a clear basis for discretionary dismissal of his appeal. Little's failure to file for bankruptcy in good faith provides additional justification for dismissal. *See In re Bulic*, 997 F.2d 299, 303 (7th Cir. 1993) (Affirming district court dismissal of bankruptcy appeal when appellant failed to file a designation on time and did not file a good faith bankruptcy, but rather, filed as a litigation tactic in a family feud). As the trustee points out, Little filed for bankruptcy *five* times in the seven months preceding the filing of the bankruptcy at issue in this case[1]. All of these previous filings were dismissed, and four of the five were dismissed because Little defaulted in carrying out the terms of the

---

[1] From March 13, 2007, to September 10, 2007, Little filed the following five cases in bankruptcy court: Case Number 07-21635-pp, Case Number 07-22975-pp, Case Number 07-24641-svk, Case Number 07-25689-jes, and Case Number 07-27081-pp. All of the cases were dismissed.

-3-

plan[2]. This serial filing without completion suggests that Little is abusing the bankruptcy system as a delay tactic. The combination of Little's lack of good faith and his failure to pursue the current case provides sufficient reason for the court to exercise its discretion to dismiss the appeal.

Little failed to pursue his appeal beyond an initial filing and two motions to delay the proceedings. He neglected to meet the minimum procedural requirements of Bankruptcy Rules 8006 and 8009 by failing to file a designation, a statement of issues, or an appellant's brief. In addition, Little has not paid his appeal fee. As a result, the court will dismiss the appeal pursuant to its discretion under Bankruptcy Rule 8001(a).

Accordingly,

**IT IS ORDERED** that this appeal be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that the motion for an extension of time (Docket #4) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the motion to stay (Docket #3) be and the same is hereby **DENIED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[2] Case Number 07-21635-pp was dismissed voluntarily, all other cases were dismissed for default by Little on the terms of the respective plans.